UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:94-cr-00030-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>ANDRE CARDELL KING, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's pro se Motion for a Reduced Sentence under the First Step Act of 2018, (Doc. No. 225), which he supplemented (Doc. No. 232). The Government has filed a response to the motion. (Doc. No. 233). In accordance with district practice, the United States Probation Office prepared a Supplemental Presentence Report pursuant to the First Step Act of 2018 (hereafter, "Supplemental First Step Act PSR"). (Doc. No. 229). For the reasons that follow, Defendant's Motion to Reduce is GRANTED.

### I. BACKGROUND

In 1995, a jury found Defendant guilty of conspiracy to possess with intent to distribute crack and powder cocaine, possession with intent to distribute cocaine, possession of a firearm and in relation to a drug-trafficking offense, and possession a firearm as a convicted felon. (Doc. No. 110). On September 7, 1995, the court sentenced Defendant to life imprisonment for the drug-trafficking offenses, a concurrent term of 120 months in prison for the felon-in-possession offense, and a consecutive sentence of 60 months in prison for the section 924(c) firearm offense. (Doc. No. 122). The Court sentenced Defendant to 10 years of supervised release for the conspiracy

1

offense, to a concurrent term of 8 years of supervised release for the substantive drug-trafficking offense, and to 3 years of supervised release for the firearm offenses, all to run concurrently. Id., In doing so, the court calculated Defendant's: 1) drug quantity to be more than 1.5 kilograms of crack cocaine; 2) total offense level to be 46, which was reduced to the maximum total offense level of 43; 3) criminal history category to be II; and 4) advisory guideline range to be life imprisonment for the drug-trafficking offenses, a sentence of 120 months for the felon-in-possession offense, and a consecutive sentence of 60 months for the section 924(c) firearm offense. (Doc. No. 119). Defendant appealed, and the Fourth Circuit Court of Appeals affirmed (Doc. No. 154).

In 2010, after the Sentencing Commission retroactively amended the drug-offense guideline in Amendment 706 to the Guidelines, this Court reduced Defendant's sentence to 360 months in prison for drug-trafficking offenses. (Doc. No. 229). The Court subsequently denied other motions to reduce sentence pursuant to other amendments to the Guidelines, therefore leaving in place the reduced sentence of 360 months for the drug-trafficking charges.

## II.  ANALYSIS

Defendant asks this Court to reduce his sentence to a term of time served or resentence Defendant to a sentence that is sufficient but not greater than necessary. (Doc. No. 225, p. 8; and Doc. No. 234, p. 2). Defendant seeks relief pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which made the Fair Sentencing Act of 2010, Pub. L. No. 111-220, retroactive. The Fair Sentencing Act described itself as intended "[t]o restore fairness to Federal cocaine sentencing." Id., 124 Stat. at 2372. In Section 2, labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base

2

to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. Id. § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). In Section 3, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

With its enactment in 2018, Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010 and allows the court that imposed a sentence for a covered offense to exercise its discretion to impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Id. The Fourth Circuit has explained the impact:

> [B]efore the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, see 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28 and 280 grams are punished by 5 to 40 years in prison, see 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, see 21 U.S.C. § 841(b)(1)(C) (2018).

United States v. Woodson, 962 F.3d 812, 815 (4th Cir. 2020)

### A.     Standard of Review

As an initial matter, the Fourth Circuit has recognized a defendant need not be present when considering his motions for sentence reduction pursuant to the First Step Act. United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion under Section 404(b)] would not require the district court to hold a

3

Case 3:94-cr-00030-FDW   Document 240   Filed 12/15/21   Page 3 of 10

resentencing hearing") see also Fed. R. Crim. P. 43(b) ("A defendant need not be present under any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."); United States v. Barraza, No. 3:07-CR-00079-FDW, 2021 WL 4810338, at *1 (W.D.N.C. Oct. 14, 2021) ("Rule 43(b)'s reference to '18 U.S.C. § 3582(c)' in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2)."). Accordingly, no hearing is required.

This Court must first determine whether Defendant's sentence satisfies the explicit criteria to *qualify* for reduction under the First Step Act, and, if so, then the court is given discretion to *impose* a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. The Fourth Circuit has explained:

> [A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction — i.e., whether it is eligible for consideration on the merits. This eligibility determination is not a function of discretion but simply of applying the explicit criteria set forth in the First Step Act. *First*, the sentence sought to be reduced must be for a "covered offense" — that is, "a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, and that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222 (citation omitted). We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). *Second*, the motion for a reduction must be addressed to the court that imposed the subject sentence. First Step Act, § 404(b), 132 Stat. at 5222; cf. 28 U.S.C. § 2255(a) (requiring that § 2255 motions challenging sentences be made to "the court which imposed the sentence"). And *third*, the sentence must not have been "previously imposed or previously reduced" under the Fair Sentencing Act and must not have been the subject of a motion made after enactment of the First Step Act that was denied "after a complete review of the motion on the merits." First Step Act, § 404(c), 132 Stat. at 5222.

> Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction in line with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect. [See Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649) — as Introduced (Nov. 15, 2018)].
>
> To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.

United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021) (internal case citations and quotations omitted; emphasis in original); see also United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021).

The Fourth Circuit requires that the imposition of a reduced sentence be procedurally and substantively reasonable, which means that in exercising its discretion, the district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." Collington, 995 F.3d at 360 (citations omitted). Notwithstanding the procedural and substantive reasonableness requirements in this Circuit, the Court is not required to engage in a complete resentencing of Defendant:

> Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing. Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances.

> If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (case citations omitted); see also Collington, 995 F.3d at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing."); but see Lancaster, 997 F.3d at 178 (Wilkinson, J., concurring) ("[O]ur circuit, notwithstanding the protestations, has come very close to requiring a plenary resentencing at a more than ten-year remove from the most relevant evidence."). Bearing these principles in mind, the Court turns to Defendant's arguments.

**B. First Step Act**

Here, the parties agree Defendant's 1995 convictions for conspiracy to distribute and possess with intent to distribute and possession with an intent to distribute crack cocaine both qualify as a "covered offense" for a sentence reduction under the First Step Act. See First Step Act § 404(a), 132 Stat. at 5222; see also United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020) (holding that a "covered offense" under Section 404(a) of the Act can include a conviction for "a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced . . . ."); Lancaster, 997 F.3d at 174 (4th Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (Citations omitted)).

Having determined Defendant qualifies for a reduction, the Court turns to the merits of the arguments. In do so, the Court has reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Lancaster, 997 F.3d at 176; Collinston,

6

995 F.3d at 360; Chambers. 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

Here, Defendant's new advisory guideline range is now not more than 30 years—or 360 months—imprisonment and at least *six* years of supervised release. (Doc. No. 229, p. 2). Under the First Step Act, "a defendant cannot be resentenced under a statute carrying a mandatory minimum sentence when he or she was not indicted for any particular drug quantity and the jury was never required to make a finding that would support the application of a mandatory minimum." Jones v. United States, 431 F.Supp.3d 740, 751 (E.D. Va. 2020). In such situations, defendants must be resentenced for an unspecified drug quantity pursuant to § 841(b)(1)(C), which carries a maximum for an unspecified drug quantity pursuant to § 841(b)(1)(C), which carries a maximum sentencing range of 20 years. Id.; see also Collington, 995 F.3d at 356 (holding that a district court abuses its discretion if it lets stand a sentence that exceeds the statutory maximum established by the Fair Sentencing Act). The § 851 enhancement would elevate the statutory maximum for each to 30 years. 21 U.S.C. § 841(b)(1)(C). Therefore, a recalculation of the Sentencing Guidelines in light of intervening case law reveals no change in Defendant's 2010 recalculated guidelines range of up to 360 months for the drug trafficking offenses (plus 60 months consecutive for the section 924(c) offense).

Next, in determining the sentence that would have imposed had the Fair Sentencing Act been in effect, the Court considers the relevant 18 U.S.C. § 3553(a) factors,[1] including as part of

---

[1] In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

that analysis evidence of Defendant's post-sentencing conduct. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion).

Here, the record reflects that Defendant participated in a drug-trafficking organization that distributed large quantities of powder cocaine and cocaine base in Charlotte, North Carolina. His involvement including purchasing large quantities of powder cocaine and cooking it into crack. When Defendant participated in an undercover buy, Defendant fled from law enforcement officers. In addition, during his trial, Defendant threatened a witness for the Government.

The record also reflects Defendant's post-sentencing conduct while in the custody of the Bureau of Prisons. Since the imposition of his original sentence, Defendant has completed several courses, including his GED, as well as numerous other educational programs and work assignments. (Doc. No. 225, p. 6). Defendant submitted two favorable recommendation letters from those who supervised his work at FCI Fairton, and he contends the training provided him thus far will allow him to find gainful employment. (Doc. No. 232). On the other hand, Defendant also has a history of disciplinary actions while in custody. (Doc. No. 229, p. 3). In the pleadings supporting the instant motion, Defendant provides explanations for the commission of the infractions and expresses remorse. The Court notes that the large majority of these infractions occurred between 1999 and 2010, more than ten years ago. Id.; see also (Doc. No. 225, pp. 6-7). While the frequency of Defendant's infractions lessened, the record also reflects an incident as

8

recent as 2019 where an officer reported Defendant fighting with another inmate. (Doc. No. 225, p. 9). By way of explanation, Defendant contends he was not the aggressor and that another inmate had attacked him, resulting in the incident. While the Court commends Defendant for completion of important educational programs and participating in multiple work assignments, the Court finds Defendant's disciplinary infractions as a whole and the 2019 incident to counter his positive achievements such that his post-sentencing conduct only slightly favors a reduction.

After reviewing the record as a whole, the Court finds that consideration and balancing of § 3553(a) factors favor a reduction in sentence. In so finding, the Court has considered the nature and circumstances of Defendant's offense in trafficking large amounts of drugs in the Charlotte area, the history and characteristics of Defendant (including his age of 58 years old), the need to avoid unwarranted sentencing disparities (including the sentences of Defendant's co-conspirators and other defendants charged with similar crimes), as well as the need to protect the public, provide just punishment for the offense (Defendant has served nearly 87% of his sentence and is scheduled to be release in February 2024), and deter others from engaging in similar misconduct. The § 3553(a) factors, when considered for this Defendant under this record, counsel that a modest reduction by 18 months to a new imposed sentence of 342 months and a reduction from ten years to six years of supervised release for the drug-trafficking charges is appropriate.

### III. CONCLUSION

For the reasons stated above, the Court finds a sentence of 342 months and six years of supervised release for Counts 1 and 7 is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a). This ruling leaves unchanged the imposed sentence of ten years

9

imprisonment for Count 9 to run concurrently with Counts 1 and 7 and the 60 months imprisonment for Count 8 to run *consecutively* with Counts 1, 7, and 9.

IT IS THEREFORE ORDERED that Defendant's Motion for Reduced Sentence under the First Step Act (Doc. No. 225) is GRANTED. Defendant's sentence is reduced to an aggregate term of imprisonment of 402 months and 6 years of supervised release.

IT IS SO ORDERED.

Signed: December 14, 2021

Frank D. Whitney
United States District Judge